# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RISCHA R. BONDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 2:11-CV-154 PS |
| vs. | ) |
| | ) |
| MICHAIL MOLLENHAUER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Rischa R. Bonds, a *pro se* prisoner, alleges that while he was an inmate at the LaPorte County Jail, he slipped and fell when he walked through standing water on the dayroom floor. Though he received immediate medical attention, he was charged a $50 co-payment and has not received the physical therapy prescribed by his doctor. In this case, filed pursuant to 42 U.S.C. § 1983, he names four defendants.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff

must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Bonds alleges that Officer Scully had been told about the standing water, but did nothing to have it cleaned up. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). A violation of the Eighth Amendment's Cruel and Unusual Punishments Clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of deliberate indifference to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In a similar case involving a slip and fall by an inmate, the Tenth Circuit stated:

> To begin with, while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment.

*Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (collecting cases). *See also Bell v. Ward*, 88 Fed. Appx. 125, 126 (7th Cir. 2004) (affirming the dismissal of a slip and fall claim pursuant to 28 U.S.C. § 1915A). Therefore, Bonds does not state a claim against any of these defendants for a Fourteenth Amendment violation arising out of the slip and fall.

That leaves his claims based on a denial of medical treatment. First, it must be noted that though the constitution guarantees that inmates receive necessary medical care, it does not guarantee free medical care. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997); *see also*

*Clark v. Doe*, 1999 WL 994019, at *2 (7th Cir. 1999) (citing *Reynolds* and affirming dismissal of medical co-payment claims pursuant to 28 U.S.C. § 1915A); and *Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 n.7 (1983) ("Nothing we say here affects any right a hospital or governmental entity may have to recover from a detainee the cost of the medical services provided to him."). Therefore, Bonds has no claim against any of these defendants based on having been charged a $50 co-payment.

Second, Bonds alleges that after his injury he slept in the medical wing of the jail on a standard mattress on the floor for five to six weeks because he was unable to climb into the upper bunk to which he was assigned. Generally, sleeping on a mattress on the floor does not state a claim because the Eighth Amendment does not require elevated beds for prisoners. *Roop v. Squadrito*, 70 F. Supp. 2d 868, 874 (N.D. Ind. 1999). *See also Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) and *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). Though he alleges that sleeping on the floor was painful, he does not allege, and based on this complaint it would not be reasonable to infer, that he had a medical order precluding him from sleeping on the floor or prescribing that he have a bottom bunk. Neither does he allege that he asked any of these defendants (nor anyone else for that matter) for other sleeping arrangements. Therefore, based on this complaint, he does not state a claim based upon having slept on the floor.

Finally, he alleges that he was denied physical therapy, which was prescribed by Dr. Ryan on March 22, 2011. "[H]e prescribed both physical therapy and pain medication. The doctor at the jail (medical service provider) nor medical staff have provided me with physical therapy treatment to date. As a result of their failure to abide by Dr. Ryan's order, I am still suffering severe pain and partial disability to date." (ECF 1 at 6.) Despite clearly alleging that it

3

was the jail doctor and medical staff who have denied him medical treatment, he has not named any of those medical providers as defendants. Rather he alleges that Medical Billing, Inc. and the Municipal Board of LaPorte County are both liable because they have not properly supervised his medical treatment.

"Though *Monell* [*v. New York City Department of Social Services*, 436 U.S. 658 (1978)] held that *respondeat superior* is not a ground for municipal liability under § 1983, it recognized the possibility of a direct claim against a municipality, based on a policy or custom of the municipality that violates the plaintiff's constitutional rights." *Schor v. City of Chicago*, 576 F.3d 775, 779 (7th Cir. 2009). But, "[a] government entity cannot be liable under § 1983 unless the unconstitutional violation results from an official policy or custom." *Sanders v. Illinois*, 198 F.3d 626, 629 (7th Cir. 1999). Here, Bonds has not alleged that either Medical Billing or LaPorte County have a policy or custom of denying medically prescribed physical therapy. Furthermore, non-medical officials should generally rely on medical experts who are providing care for an inmate. *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005). In this complaint, Bonds has clearly stated that it was the jail doctor and medical staff who are denying him physical therapy. Because the asserted claims against Medical Billing and LaPorte County are based solely on their supervisory roles, Bonds has not stated a claim against either of them.

Nevertheless, Bonds may be able to state a claim against the jail doctor and/or other jail medical staff for denying him physical therapy. Because of that possibility, even though Bonds has not stated a claim against the Sheriff, I will order that service be made on the Sheriff of LaPorte County for the sole purpose of identifying the actual name(s) of the medical defendant(s) whose name the plaintiff may not know. *See Antonelli v. Sheahan*, 81 F.3d 1422,

4

1428 (7th Cir. 1996). Of course, if Bonds knows the name of the jail doctor and the other medical staff who have denied him physical therapy, he may file an amended complaint without having to conduct discovery on the Sheriff.

For the foregoing reasons, the Court:

(1) **GRANTS** Rischa R. Bonds leave to proceed against the Sheriff of LaPorte County for the sole purpose of discovery to identify the unknown medical defendant(s) who denied Rischa R. Bond physical therapy on or after March 22, 2011;

(2) **DISMISSES** Michail Mollenhauer, Officer Scully, Medical Billing, Inc., and the Municipal Board of LaPorte County Indiana;

(3) **DIRECTS** the clerk to transmit the summons and USM-285's for the Sheriff of LaPorte County to the United States Marshals Service along with a copy of this order;

(4) **DIRECTS** the United States Marshals Service to effect service of process on the Sheriff of LaPorte County;

(5) **ORDERS** the Sheriff of LaPorte County to appear and respond to discovery for the sole purpose of identifying the unknown medical defendant(s) who denied Rischa R. Bonds physical therapy on or after March 22, 2011;

(6) **WAIVES** any obligation for the Sheriff of LaPorte County to file an answer pursuant to 42 U.S.C. § 1997e(g)(2);

(7) **DIRECTS** the clerk to place the cause number of this case on a blank 42 U.S.C. § 1983 Prisoner Complaint form and mail it to Rischa R. Bonds along with a copy of this order;

(8) **ORDERS** that any discovery by Rischa R. Bonds be initiated by July, 1, 2011;

(9) **ORDERS** Rischa R. Bonds to file an amended complaint on or before August 31, 2011 that names the medical defendants who denied him physical therapy on or after March 22, 2011, and presents any and all claims that he is asserting against them;

(10) **CAUTIONS** Rischa R. Bonds that if he does not file an amended complaint by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because his current complaint does not identify a defendant against whom to state a claim.

**SO ORDERED.**

Entered: June 6, 2011.

 s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT